# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| MOHAMED BANDJAN | : | DOCKET NO. 2:05-cv-315 |
| --- | --- | --- |
| | | Section P |
| VS. | : | JUDGE MINALDI |
| J. P. YOUNG, WARDEN, ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Mohamed Bandjan, filed pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

This petition for writ of *habeas corpus* was filed by petitioner to challenge his continued detention post-removal-order custody. Petitioner states that he was ordered removed from the United States by an immigration judge on April 19, 2004. He appealed his removal order to the Board of Immigration Appeals which dismissed his appeal on August 25, 2004, and his removal order became administratively final at that time. Petitioner has been in post-removal-order detention since that time. He claims that his removal is not likely to occur in the reasonably foreseeable future. Petitioner filed this petition on February 16, 2005 to challenge his continued detention pursuant to INA § 241.

In light of the facts presented by Petitioner, the court ordered the government to respond to the petition. Following the filing of the answer, the court determined that an evidentiary hearing was

necessary for the adjudication of this *habeas corpus* petition. The evidentiary hearing was set for the purpose of hearing evidence on whether there is a significant likelihood of removing petitioner in the reasonably foreseeable future.

Prior to the hearing date of June 21, 2005, counsel for the respondent notified the court that it had been determined that petitioner would be released from custody pursuant to an Order of Supervision. Accordingly, it was requested that the hearing be continued. In light of the representation of the respondent and the lack of opposition from the petitioner, the court upset the hearing and ordered both parties to present summary judgment evidence on the issue of whether petitioner has been released from post-removal-order custody within 15 days of the date of the minute entry.

On June 24, 2005, the respondent filed a response to the court's minute entry and summary judgment evidence which indicates that petitioner was released from post-removal-order detention pursuant to an Order of Supervision on June 15, 2005. Petitioner has filed no contradictory evidence.

Therefore, the evidence before the court establishes that Petitioner was released from post-removal-order detention to an Order of Supervision. At the time that this petition was filed, Petitioner was in detention pursuant to the statutory authority of § 241 of the INA, and he sought to have the court review his post removal order detention. However, because the petitioner is no longer in custody, his challenge to his post-removal-order detention is now moot and should be dismissed.

For this reason,

IT IS RECOMMENDED that the this petition for writ of *habeas corpus* be DENIED AND DISMISSED WITH PREJUDICE as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 5th day of July, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE